# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **EVAN EDWARDS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 3529 |
| | ) | |
| **THE VILLAGE OF BURNHAM** and | ) | |
| **BURNHAM POLICE OFFICER BOLIN** | ) | |
| **(Star #82)**, **BURNHAM POLICE OFFICER** | ) | |
| **BONNER (Star #79)**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Counsel for the three defendants in this Section 1983 action -- the Village of Burnham ("Village") and two of its police officers -- have filed their collective Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought against them by Evan Edwards ("Edwards"). That responsive pleading, because it is really <u>non</u>-responsive in a number of respects, has once again caused this Court to wonder just what some lawyers think they accomplish by obfuscation rather than forthrightness in the pleading process.

Take a look, for example, at FAC ¶¶ 8-11 and the nitpicking responses that those paragraphs have evoked. Although the FAC sets out a perfectly understandable sequence of events in those paragraphs, defense counsel have responded with the foolish assertion that FAC ¶ 9 "is vague and ambiguous as it doesn't allege what time period Plaintiff is referring to." Not to be outdone by their own ostrich-like approach in that respect, counsel then go on to deny the

allegations in FAC ¶ 10, even though their ensuing <u>admission</u> of the allegations in FAC ¶ 11 actually confirms the truthfulness of FAC ¶ 10.[1]

This Court will leave it to defense counsel to take a fresh look at the Answer to see whether everyone might be better served by a more forthright approach.  But more particularly, some of defendants' ADs certainly call for further consideration.  Here are a few examples (not necessarily exhaustive, for Edwards' counsel may wish to raise other matters as to the ADs):

1.     ADs 1 and 2 ignore the repeated allegations in the FAC (including its state law claims) that Officer Bolin's charged conduct "was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights" -- allegations that must be accepted as true for purposes of the responsive pleading, including ADs -- see App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  So ADs 1 and 2 are stricken, because defense counsel has already put those allegations into issue by the denials contained in the Answer.[2]

2.     AD 4 is puzzling, because the FAC does not appear to seek relief against the Village unless it is derivative from the officers' liability.  If defense counsel can point to any FAC claim that is not dependent on officer liability, AD 4 may be retained -- otherwise it should be dropped.

3.     Whenever a proposed AD begins "to the extent," that serves as a telltale tipoff that what is being advanced is <u>not</u> a current AD that has accepted

---

[1]  Answer ¶ 12 advances another "vague and ambiguous" contention, once again to no apparent end.

[2]  AD 3 stands, because some portions of the FAC's prayer inappropriately ask for a punitive damages award against the Village.

the complaint as gospel, but is rather an issue that may develop from future discovery. Accordingly AD 5 is also stricken, but without prejudice to its possible reassertion if the factual development justifies it.

4.      ADs 6 and 7 are at odds with Edwards' allegations in the FAC and are therefore stricken as well.[3]

5.      AD 8, though correct to the extent that it invokes Monell principles, fails to take account of the Village's responsibility under 745 ILCS 10/9-102. It must therefore be recast.

6.      AD 9 is once again at odds with the FAC's allegations (which must be credited at this point) that effectively characterize the officers' actions as willful and wanton. So AD 9 must go by the boards as well.

In sum, defense counsel are ordered to take a fresh look at their existing responsive pleading in the interest of being more forthcoming. They are given until June 22, 2015 to file a self-contained revised response. No charge may be made to defendants by counsel for the added work and expense incurred in correcting counsel's errors. Finally, defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur

Date: June 8, 2015                      Senior United States District Judge
_____

_____
[3]   It should be understood that this memorandum order neither involves nor implies an acceptance of Edwards' allegations as truthful. This Court, like defendants, must operate on that arguendo assumption for current pleading purposes.

- 3 -